FILED & JUDGMENT ENTERED
Christine F. Winchester

Jan 03 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Wilkesboro Division

In re:                                          )
                                                )
JAMES SCOTT RAY,                                )    Case No. 10-50906
                                                )    Chapter 7
                Debtor.                         )
                                                )

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** was before this Court upon Trustee's Protective Objection to Exemption Election and Valuation. A hearing on the current motion was continued and held on December 3, 2010.

**I.    Background**

The Debtor filed his Chapter 7 case on June 21, 2010. In his petition, the Debtor claimed an exemption of $2,900.00 pursuant to N.C.G.S. § 1-362 in a Wachovia savings account. That statute provides the Court can order that any property held by or owed to the debtor be applied towards satisfaction of a judgment; however, the statute exempts the earnings of a debtor for his personal services "at any time within the 60 days next preceding the order" if the earnings are "necessary for the use of a family supported wholly or partly by [Debtor's] labor." N.C.G.S. § 362. Although Debtor's fiancé and her

son live with the Debtor and are supported by him, the Trustee objected to Debtor's claimed exemption because he questioned whether the Debtor's fiancé and her son could be characterized as "family" for purposes of this statute.

**II.    Law and Analysis**

In In re Connelly, the debtor claimed a § 1-362 exemption for funds in a bank account.  In re Connelly, 276 B.R. 421, 421-22 (Bankr. W.D.N.C. 2002).  The Bankruptcy Administrator objected to the exemption, alleging that because the debtor was a single person without dependents, he did not qualify as "family" as required by the statute.  Id. at 422.  The Court noted that "North Carolina courts understand the word 'family' to imply that the debtor has other *dependents* who rely on the debtor for support."  Id. (emphasis added) (citing Elmwood v. Elmwood, 244 S.E.2d 668 (1978)).

This Court has looked to Black's Law Dictionary in the past to define the term "dependent," determining that a dependent is: "[o]ne who relies on another for support; one not able to exist or sustain oneself without the power or aid of someone else."  In re Preston, 428 B.R. 340, 343 (Bankr. W.D.N.C. 2009) (quoting Black's Law Dictionary, 449 (7th ed. 1999)).  The use of the word dependent here implies an *actual* situation of dependency, rather than a potential legal dependency.  In re Preston, 428 B.R. at 343.

Here, the Debtor is clearly supporting his fiancé and her son with his labor—a fact not disputed by the Trustee.  They are *actual* dependents of the Debtor, and thereby qualify as "family" for purposes of the statute.

Construing the exemption in this way comports with the well-established policy that "exemptions should be liberally construed so as to 'embrace all persons coming fairly within their scope.'"  In re Connelly, 276 B.R. at 422 (quoting Elmwood, 244

2

S.E.2d at 678).  Given this construction, the Debtor easily falls fairly within the scope of N.C.G.S. § 1-362.  Id.

Based on the foregoing, the Trustee's Protective Objection to Exemption Election and Valuation is **OVERRULED**.

**SO ORDERED.**

This Order has been signed electronically.
The judge's signature and the court's seal
appear at the top of the Order.

United States Bankruptcy Court

3